*1836.*

SHETZLER
*v.*
SHETZLER.

---

SHETZLER *v.* SHETZLER.

---

In divorce cases, it must always clearly appear that service of subpœna has been made within the jurisdiction.

---

*1836.*

*Practice.*
*Service*  *of*
*subpœna.*
*Divorce.*

His Honor, THE VICE-CHANCELLOR, wished it to be understood that he should require the fact to be clearly and distinctly shown, upon the motion for a reference in all divorce cases, upon bill taken as confessed, that the subpœna to appear and answer was served at some place within the jurisdiction of the court—the case of *Dunn* v. *Dunn*, 4 Paige's C. R. 425, warranting this regulation—and a case lately before him having progressed very far to a decree when it was found out that service of subpœna had been effected by the husband himself upon the wife in the city of New Orleans. He also said that he should require the

production of the original affidavit of service of subpœna or of a certified copy, in order to see that it was sufficiently positive as to the identity of the party on whom the service was made, as in one instance which had come to his knowledge, the wife had been personated for the purpose of such a service, and a decree obtained against her entirely by surprise.